UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. MAJOR,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN MCVEGE, et al.,<br><br>    Defendants. | Case No. 24-cv-02629 BLF<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state inmate, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against several parole officers in San Jose and several individuals at Valley State Prison ("VSP"), where Plaintiff was previously incarcerated. Dkt. No. 1. This matter was reassigned to the undersigned. Dkt. No. 6. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

I. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   Plaintiff's Claims

Plaintiff states that he was paroled to San Jose on April 4, 2022. Dkt. No. 1 at 3. However, at the time he filed this complaint, Plaintiff was at the San Mateo Jail. Id. at 1. Plaintiff claims that VSP has failed to release the remaining balance ($1,700) that was in his inmate trust account when he got paroled. Id. at 3. He claims that parole agents have ignored his grievances and forms filed in this matter. Id. He wants the Court to have VSP give him his money, and for Valley Medical to produce his medical records. Id. at 3.

The complaint fails to state any cognizable claim for relief against the named Defendants. First of all, any claim against VSP and its employees must be filed in the Eastern District, which has jurisdiction over claims arising out of Madera County where VSP is located. 28 U.S.C. § 84(b). Furthermore, Plaintiff fails to allege facts showing that San Jose parole agents violated his constitutional rights. There are no allegations indicating that they are responsible for the failure of VSP to return Plaintiff's money or that they have any authority to act on this issue. Lastly, Plaintiff fails to provide any basis for the relief he seeks against Valley Medical for his medical records. Valley Medical is not a state actor, as far as the Court is aware, and Plaintiff fails to allege how this hospital has violated his constitutional rights to state a claim under § 1983.

Plaintiff shall be granted leave to file an amended complaint to state a cognizable claim under § 1983.  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 24-cv-02629 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.  Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint.  Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action with prejudice for failure to state a claim for relief without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of

3

this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: ___**October 1, 2024**___

                                                                         /s/ Beth Labson Freeman
                                                                         BETH LABSON FREEMAN
                                                                         United States District Judge

Order of Dism. w/LTA
P:\PRO-SE\BLF\CR.24\02629Major_dwlta

4